**In re Harris ROTMAN and Rosalind Rotman, Debtors.**

**FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate Capacity as Liquidator of the former Beaumont Bank, N.A., Plaintiff,**

v.

**Harris ROTMAN and Rosalind Rotman, Defendants.**

Bankruptcy No. 86–03556–H2–7.
Adv. No. 86–1011.
Civ. A. No. H–91–1141.

United States District Court,
S.D. Texas,
Houston Division.

Nov. 6, 1991.

Melba T. Pourteau, Houston, Tex., for plaintiff.

Jeffrey L. Wilner, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

LAKE, District Judge.

The Federal Deposit Insurance Corporation, in its Corporate Capacity as Liquidator of the former Beaumont Bank, N.A., appeals from a judgment of the bankruptcy court refusing to deny dischargeability of the obligations of Dr. Harris Rotman and Rosalind Rotman ("Debtors") to FDIC pursuant to 11 U.S.C. § 523(a)(2)(B). This statute provides that a debtor is not discharged from any debt for a loan obtained by

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive;

.    .    .    .    .

The bankruptcy court found that the Debtors obtained a loan in the principal amount of $108,000 from Beaumont Bank (FF 2), and that in order to induce the Bank to make the loan Dr. Rotman submitted a financial statement that was substantially false in a number of respects (FF 2, 5 and 7). The bankruptcy court refused to deny dischargeability, however, because the FDIC failed to present any evidence that the Bank reasonably relied upon the financial statement in making the loan (FF 9, 11).[1]

The FDIC does not dispute the factual finding of the bankruptcy court that the FDIC failed to present any evidence of reliance. Instead, the FDIC argues as a matter of law that it need not show the reasonable reliance required by § 523(a)(2)(B)(iii) for two reasons. First, the FDIC argues that *In re Jordan*, 927 F.2d 221 (5th Cir.1991), mandates a determination of non-dischargeability, notwithstanding the FDIC's failure to show reliance. This Court does not read *Jordan* as broadly as argued by the FDIC. The language quoted by FDIC from *Jordan*, 927 F.2d at 224, states that in determining whether a statement is materially false, one consideration is whether the lender would have made the loan if it were aware of the debtor's true situation. It is clear from the opinion as a whole that the quoted language dealt only with the material falsity requirement of § 523(a)(2)(B)(i). The Fifth Circuit discussed the reasonable reliance criteria of § 523(a)(2)(B)(iii) later in its opinion and affirmed the bankruptcy court's finding that the creditor reasonably relied upon the false financial statement. Under the FDIC's reading of *Jordan* the Fifth Circuit should never have reached the issue of reasonable reliance, it should have affirmed the denial of dischargeability after agreeing with the bankruptcy court that the financial statement was materially false. The language of § 523(a)(2)(B) is explicit; reasonable reliance is one of four criteria each of which must be met for a discharge to be denied based on this exception. Nothing in *Jordan* holds to the contrary.

The FDIC also argues that *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), and 12 U.S.C. § 1823(e) create a presumption that the bank reasonably relied upon Dr. Rotman's false statement. The Court is not persuaded by this argument for a number of reasons.

The principal tenet of statutory construction is to apply the plain meaning of the language selected by Congress. *See Escondido Mutual Water Co. v. La Jolla Band of Mission Indians*, 466 U.S. 765, 772, 104 S.Ct. 2105, 2110, 80 L.Ed.2d 753 (1984). The plain meaning of § 523(a)(2)(B) reflects that Congress required that a creditor must reasonably rely on a material false financial statement before a debt obtained by the use of such a statement will be excepted from discharge. Congress mandated that all four of the elements of § 523(a)(2)(B) are necessary to bar a discharge under this exception; the elements of § 523(a)(2)(B) are not independent alternative bases for barring a discharge.

In enacting recent amendments both to the Bankruptcy Code and the Federal Deposit Insurance Act, Congress chose not to alter this four-part exception. As part of the Crime Control Act of 1990 Congress enacted the Comprehensive Thrift and Bank Fraud Prosecution and Taxpayer Recovery Act. The Act made several changes in the Bankruptcy Code to prevent persons affiliated with a depository institution who

---

**1.** The bankruptcy court considered reliance as an element of both the materiality requirement of § 523(a)(2)(B)(i) and the reasonable reliance requirement of § 523(a)(2)(B)(iii), and parts of the court's findings of fact and conclusions of law can be read as indicating that the court found that the FDIC failed to prove both materiality and reasonable reliance (CL 6). For pur-

poses of this Memorandum and Order the Court will not address whether the FDIC proved material falsity because the Court concludes that the bankruptcy court's judgment is independently sustainable because the FDIC failed to satisfy the reasonable reliance requirement of § 523(a)(2)(B)(iii).

commit fraud and mismanagement from using bankruptcy to extinguish or reduce their liability for damage they caused the institution.[2] The House Committee on the Judiciary recommended a version of the Crime Control Act of 1990 that included a provision creating an exemption from the reasonable reliance requirement in § 523(a)(2)(B)(iii).[3] The proposed exemption was intended to benefit federal agencies regulating depository institutions (as receiver, conservator or liquidating agent) that sought to recover a debt to the institution arising from a false financial statement of a party affiliated with the institution. *Id.* This proposed amendment to 11 U.S.C. § 523(a)(2)(B)(iii) was not included, however, in the final version of the Crime Control Act of 1990 adopted by Congress and approved by the President.[4] Although the proposed amendment would not have applied to the facts of this case because there is no evidence that Dr. Rotman was affiliated with the Beaumont Bank, the fact that Congress considered such an amendment to be necessary to eliminate the necessity for the FDIC to prove reasonable reliance undercuts the FDIC's argument that the *D'Oench, Duhme* doctrine implicitly dispenses with the requirement of reasonable reliance when the FDIC is a bankruptcy creditor.

In addition, Congress has amended the Federal Deposit Insurance Act to vastly increase the powers and protections afforded to the FDIC by enacting the Financial Institutions Reform, Recovery & Enforcement Act of 1989 ("FIRREA"). Yet, Congress made no change that would relieve the FDIC of the explicit requirement of § 523(a)(2)(B)(iii) when it appeared as a creditor in a bankruptcy proceeding.

The case authorities cited by the FDIC in support of its *D'Oench, Duhme* argument do not overcome this statutory analysis because they are legally and factually distinguishable and mis-perceive the purpose of the *D'Oench, Duhme* doctrine and the requirements for its application. Both of the cases cited by the FDIC, *In re Boebel,* 79 B.R. 381 (Bankr.N.D.Ill.1987), and *In re Figge,* 94 B.R. 654, 668–69 (Bankr.C.D.Cal. 1988), *aff'd without opinion,* 928 F.2d 1136 (9th Cir.1991), involved dischargeability of a debt under § 523(a)(2)(A). Although many courts impose reliance by a creditor as an element of § 523(a)(2)(A), because reliance under this exception is not mandated by Congress, it is susceptible to court-made exceptions. Neither case holds that a bankruptcy court or this Court would (or can) write out of § 523(a)(2)(B) an element enacted by Congress.

The doctrine articulated in *D'Oench, Duhme* and codified by Congress in 12 U.S.C. § 1823(e) provides that no *agreement* that tends to diminish or defeat an interest of the FDIC shall be valid unless the agreement is in writing, signed by the person asserting the agreement and the depository institution, approved by the institution's board of directors, and continuously maintained as an official record of the institution. These four requirements form a doctrine of estoppel that precludes a person who enters into a written agreement with a bank from later claiming in litigation with the FDIC that the agreement is not enforceable because of a different agreement not reflected in the bank's records. *D'Oench, Duhme,* 315 U.S. at 459, 62 S.Ct. at 680.

▪ The policy underlying *D'Oench, Duhme* and § 1823(e) is to protect public funds administered by the FDIC by allowing bank examiners to rely on properly memorialized bank agreements when evaluating the worth of bank assets. *Langley v. Federal Deposit Ins. Corp.,* 484 U.S. 86, 108 S.Ct. 396, 401, 98 L.Ed.2d 340 (1987), *D'Oench, Duhme,* 315 U.S. at 457–459, 62 S.Ct. at 679–680. Prompt evaluations of

---

2. *Comprehensive Thrift & Bank Fraud Prosecution & Taxpayer Recovery Act of 1990,* Pub.L. No. 101–647, § 2500, *et seq.,* 104 STAT. 4789, 4859 (1990); *see also* H.R.Rep. No. 101–681(I), 101st Cong.2nd Sess., *reprinted in* 1990 U.S.C.C.A.N. 6472, 6585.

3. H.R.Rep. No. 101–681(I), 101st Cong.2nd Sess., *reprinted in* 1990 U.S.C.C.A.N. 6472, 6586.

4. *Comprehensive Thrift & Bank Fraud Prosecution & Taxpayer Recovery Act of 1990,* Pub.L. No. 101–647, § 2522, 104 STAT. 4789, 4859 (1990).

bank assets are necessary for the FDIC to determine the fiscal strength of a bank, to determine whether and when to liquidate a bank, and to determine whether to provide financing for the purchase of a bank's assets by another bank. *Langley,* 108 S.Ct. at 401; *see generally* 12 U.S.C. §§ 1817(a), 1820(b), 1821(d), 1823(c).

The FDIC argues that this policy also entitles it to a presumption that the Beaumont Bank extended credit to Dr. Rotman in reasonable reliance on his false financial statement. The type of reliance urged here by the FDIC, however, is different from the kind of reliance to which the FDIC is entitled under *D'Oench, Duhme* and § 1823(e). Here, the FDIC seeks to presume the bank's reliance on a unilateral statement of a bank customer while *D'Oench, Duhme* and § 1823(e) only allow the FDIC to rely on a properly memorialized agreement between a bank and its customer. An underlying premise of the *D'Oench, Duhme* doctrine is that the FDIC is not bound by all documents on file in a bank's records, but only by those executed and approved by the action of the bank's board or loan committee, because only the latter category of bank documents have undergone "mature consideration ... by senior bank officials." *Langley,* 108 S.Ct. at 401. *See, e.g., FDIC v. Wood,* 758 F.2d 156, 162 (6th Cir.), *cert. denied,* 474 U.S. 944, 106 S.Ct. 308, 88 L.Ed.2d 286 (1985) ("The FDIC cannot ... be charged with knowledge of a defense merely because that information could be found in the bank's files.") The policy underlying *D'Oench, Duhme* does not allow the FDIC to presume that the Beaumont Bank relied on Dr. Rotman's financial statement anymore than it would compel the FDIC to rely on the bank's own unofficial, unilateral written statements.

The FDIC's argument loses sight of what the *D'Oench, Duhme* doctrine is—a rule of federal common law that the FDIC may use to shield itself against state law claims and defenses. The Supreme Court in its holding in *D'Oench, Duhme* and Congress in enacting § 1823(e) said nothing about abrogating statutory requirements such as those imposed by 11 U.S.C. § 523(a)(2)(B), which FDIC, like any other creditor in a bankruptcy proceeding, must shoulder to deny a debtor his normal right to a discharge. Dr. Rotman is not asserting his financial statement as a factual basis for a claim or defense against the FDIC. It is the FDIC that is asserting the financial statement as a defense to dischargeability. The Court concludes that issues of dischargeability, particularly whether the FDIC has met its burden of proof on a necessary element of an exception to dischargeability under 11 U.S.C. § 523(a)(2)(B), are beyond the scope of the *D'Oench, Duhme* doctrine.

FDIC's appeal is DENIED, and the judgment of the bankruptcy court is AFFIRMED.